v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9606–JV–253.

Court of Appeals of Indiana.

July 2, 1997.

Richard A. Jones, Indianapolis, for appellant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for appellee.

**OPINION**

RUCKER, Judge.

Respondent-Appellant M.Y. was adjudicated a delinquent child following his commission of an act which would be a criminal

offense if committed by an adult,[1] namely burglary as a Class B felony.[2] He now appeals raising two issues for our review; however, because M.Y. may not appeal his delinquency adjudication following his admission to the facts of the offense, we are compelled to dismiss this action.

On December 1, 1995 M.Y. and several companions broke into an Indianapolis residence and removed various items of personal property. Thereafter the State filed a delinquency petition with the juvenile court charging M.Y. with burglary and theft. Pursuant to the terms of a plea agreement, M.Y. admitted the allegation of burglary in exchange for the State's dismissal of the theft charge and its recommendation that M.Y. receive a suspended commitment. The juvenile court accepted M.Y.'s admission to the facts of the burglary charge and adjudicated him a delinquent child. The court thereafter entered a dispositional decree committing M.Y. to a suspended term of detention and ordering him to pay restitution. This appeal ensued.

■ As a general rule a criminal defendant is prohibited from challenging the validity of a guilty plea by direct appeal. *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind.1996). Rather any error premised upon a guilty plea must be brought by a petition for post-conviction relief. *Id.* at 396; *Collins v. State*, 676 N.E.2d 741, 743 (Ind.Ct.App.1996). However our supreme court has determined that a juvenile may not make use of the post-conviction procedures to redress alleged errors in a delinquency proceeding. *Jordan v. State*, 512 N.E.2d 407, 408 (Ind.1987), *reh'g denied*, 516 N.E.2d 1054. In *Jordan* the court reasoned that juvenile adjudications do not constitute criminal convictions and therefore post-conviction remedies cannot be interpreted to apply to a juvenile adjudged to be a delinquent. *Id.*; *see* I.C. § 31–6–3–5(b). In an opinion concurring in the denial of

rehearing, Chief Justice Shepard suggested that other avenues of relief, including Ind.Trial Rule 60, were available for Jordan to challenge his adjudication of delinquency. *Jordan*, 516 N.E.2d at 1054, 1055. Recently, in *Haluska v. State*, 663 N.E.2d 1193 (Ind.Ct. App.1996), a juvenile adjudicated a delinquent child filed a petition with this court seeking permission to file a belated appeal pursuant to Ind.Post–Conviction Rule 2(3). Following the supreme court's ruling in *Jordan* and the Chief Justice's opinion on rehearing, we reasoned that because delinquency adjudications are not convictions, the juvenile could not avail himself of the relief contained in P–C.R. 2(3). We further deemed the juvenile's petition to file a belated appeal to be the equivalent of a petition for leave to seek T.R. 60 relief in the trial court. Thus, we remanded the case for the purpose of the juvenile filing a T.R. 60 motion for relief from judgment. *Id.* at 1194.

■ In this case M.Y. admitted the facts contained in the burglary charge and thus may not challenge the trial court's adjudication of delinquency by means of a direct appeal. Rather, M.Y.'s proper remedy is to seek relief from the court's judgment pursuant to T.R. 60. We therefore dismiss M.Y.'s purported appeal and remand this cause to the trial court for the purpose of M.Y. filing therein a T.R. 60 motion for relief from judgment.

Appeal dismissed.

BARTEAU and DARDEN, JJ., concur.

---

**1.** Ind.Code § 31–6–4–1(a)(1).

**2.** Ind.Code § 35–43–2–1.