**In the Matter of R.A., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 71A04–1005–JV–340.**

Court of Appeals of Indiana.

Nov. 17, 2010.

Christine A. Majewski, Law Office of Christine A. Majewski, Mishawaka, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

R.A. appeals the juvenile court's order that he be committed to the Indiana Department of Correction (the "DOC").

We reverse and remand.

### ISSUE

Whether the juvenile court abused its discretion by committing R.A. to the DOC.

### FACTS

On or about October 1, 2009, then-sixteen-year-old R.A. exposed his genitals to a classmate. On February 8, 2010, the State filed a petition, alleging R.A. to be a delinquent child for committing an act that would constitute public indecency, a class A misdemeanor, if committed by an adult. The juvenile court held an admission hearing on March 3, 2010. R.A. admitted the allegation in the petition, and the juvenile court adjudicated R.A. a delinquent child on that basis. The juvenile court released R.A. into his parents' care, pending a dispositional hearing.

Shortly thereafter, R.A. attempted suicide. The juvenile court therefore held an emergency status hearing on March 17, 2010, and ordered that R.A. be detained at the St. Joseph County Juvenile Justice Center.

The juvenile court held a dispositional hearing on May 18, 2010. Dr. Alan J. Stuckey, a psychiatrist, testified that he began treating R.A. in August of 2006. He opined that R.A.'s "social and emotional issues have been significantly impaired" by several disorders, including one "that is on the autism spectrum"; generalized anxiety disorder; and attention deficit hyperactivity disorder. (Tr. 36).[1] Dr. Stuckey recommended residential placement "because it provides a full package of services including individual group and family therapy and insight [into R.A.'s] multiple mental health issues, psychiatric services for medication adjustments and ongoing diagnostic understanding of [R.A.]" (Tr. 41).

Two other therapists also recommended a secure residential treatment facility, as it would allow R.A.'s family to participate in therapy, while providing R.A. structure

---

1. All references to the transcript shall be to the May 18, 2010 dispositional hearing transcript.

and ensuring community safety. Todd Heim testified that he performed a psychosexual assessment of R.A. Based on his assessment, he recommended residential treatment.

R.A.'s probation officer testified that R.A. did not have a prior criminal history; attended school regularly; and had never been expelled. He further testified that he had recommended treatment in a residential facility, but the St. Joseph County probation department recommended that R.A. be committed to the DOC.

During closing, the State informed the juvenile court that it did "not agree with the Probation Department's recommendation at this time" and "would like to see [R.A.] placed in a residential treatment center...." (Tr. 81). The juvenile court, however, awarded wardship of R.A. to the DOC.

## DECISION

R.A. asserts that the juvenile court abused its discretion in committing him to the DOC. He argues that his commitment "was punitive in nature and failed to adequately consider the totality of the circumstances surrounding R.A. and failed to follow the public policy of favoring the least-harsh disposition." R.A.'s Br. at 7.

[T]he choice of the specific disposition of a juvenile adjudicated a delinquent child is a matter within the sound discretion of the juvenile court and will only be reversed if there has been an abuse of that discretion. The juvenile court's discretion is subject to the statutory considerations of the welfare of the child, the safety of the community, and the policy of favoring the least harsh disposition. An abuse of discretion occurs when the juvenile court's action is clearly erroneous and against the logic and

effect of the facts and circumstances before the court or the reasonable, probable, and actual inferences that can be drawn therefrom. Hence, the juvenile court is accorded wide latitude and great flexibility in its dealings with juveniles.

*J.S. v. State,* 881 N.E.2d 26, 28 (Ind.Ct. App.2008) (internal citations omitted).

Although the juvenile court is given wide latitude and great flexibility in determining the disposition of a delinquent child, its discretion is circumscribed by statute. Indiana Code section 31–37–18–6 provides, *inter alia,* that "[i]f consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that ... is ... in the least restrictive (most family like) and most appropriate setting available" and "provides a reasonable opportunity for participation by the child's parent...." Ind.Code § 31–37–18–6(1)(A), (5).

Here, the record shows that R.A. had had no prior contact with the juvenile justice system and had been diagnosed with several disorders that required on-going medical and psychological treatment. Several mental health experts testified that placement in a secure residential treatment facility would be in R.A.'s best interests and consistent with the safety of the community. Furthermore, the State recommended placement in a residential treatment facility.

Given the facts and circumstances of this case and the statutory policy favoring the least-harsh disposition, we reverse the juvenile court's commitment of R.A. to the DOC. *See, e.g., D.P. v. State,* 783 N.E.2d 767, 771 (Ind.Ct.App.2003) (finding that where the juvenile's conduct did not rise to a level of repetitive and serious misconduct, the juvenile court abused its discre-

tion in committing the juvenile to the DOC). Noting that the State "does not oppose remand in order to place R.A. in a secure residential treatment facility," we hereby remand with instructions to the juvenile court to vacate its dispositional decree and order R.A.'s placement in an appropriate rehabilitative setting. State's Br. at 4.

Reversed and remanded with instructions.

BRADFORD, J., and BROWN, J., concur.