# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**LISA M. JOACHIM**
**RICHARD A. MANN**
**TODD D. SMALL**
Richard A. Mann, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Apr 30 2012, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

D.A.,                                         )
                                              )
    Appellant-Defendant,            )
                                              )
        vs.           )    No. 49A02-1108-JV-692
                                              )
STATE OF INDIANA,                             )
                                              )
    Appellee-Plaintiff.             )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary Chavers, Judge Pro Tempore
The Honorable Scott B. Stowers, Magistrate
Cause No. 49D09-1012-JD-3483

**April 30, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

D.A. entered into a plea agreement whereby he admitted to battery, as a Class B misdemeanor when committed by an adult, and he "conditionally" agreed to admit to child molesting, as a Class C felony when committed by an adult. Following a hearing, the juvenile court adjudicated D.A. a delinquent on the battery count, ordered him to serve probation on that count, and took the child molesting count under advisement pending D.A.'s successful completion of probation. D.A. presents two restated issues for our review:

1. Whether the juvenile court erred when it accepted his conditional plea on the child molesting count.

2. Whether the juvenile court abused its discretion and violated his right to due process when it placed him in inpatient treatment.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 20, 2010, the State filed a petition against D.A. alleging his delinquency for having committed child molesting, as a Class B felony when committed by an adult, and child molesting, as a Class C felony when committed by an adult. During a hearing on March 31, 2011, D.A. and the State submitted a plea agreement, whereby the State agreed to dismiss the B felony count in exchange for D.A.'s admission to child molesting, as a Class C felony, and an additional count of battery, as a Class B misdemeanor. The plea agreement was "conditional" on the Class C felony count, meaning that the juvenile court would take D.A.'s admission on that count "under advisement" and, if D.A. successfully completed the terms of his probation, the State

would "move to dismiss that count." Transcript at 2. If, however, the juvenile court "[found] probable cause to believe [D.A.] has violated [the terms of his probation]," the court stated that it would "proceed to disposition as to" the child molesting count. Id.

During the March 31 hearing, the following colloquy occurred in an effort to establish the facts underlying the two counts to be admitted by D.A.:

DEFENSE COUNSEL: Thank you, Judge. [D.A.], you are 13 years old, is that correct?

D.A.: Yes sir.

DEFENSE COUNSEL: Date of birth is April 21, 1997?

D.A.: Yes sir.

DEFENSE COUNSEL: I am going to direct your attention back to September 5, 2010. On that day, you were in Indianapolis, Marion County, Indiana, is that correct?

D.A.: Yes sir.

DEFENSE COUNSEL: And on that day you were in the company of [C.T.], a 3-year-old child, is that correct?

D.A.: Yes sir.

DEFENSE COUNSEL: And on that day you touched [C.T.] in a rude, insolent or angry manner, is that correct?

D.A.: Yes sir.

DEFENSE COUNSEL: And specifically, you touched [C.T.] on her vagina, is that correct?

D.A.: Yes sir.

DEFENSE COUNSEL: I have no more questions Judge.

COURT: Questions State?

PROSECUTOR:          No Judge.

Transcript at 4. Thereupon, the juvenile court found "a sufficient factual basis to find the petition true." Id. The court ordered a "sex offender evaluation" and scheduled a dispositional hearing. Id.

On June 14, the juvenile court held the dispositional hearing. The probation department submitted a pre-dispositional report recommending formal probation with inpatient placement at Resolute Treatment Facility ("Resolute") for sex offender counseling. Counsel for D.A. submitted into evidence an independent report prepared by a psychologist recommending outpatient treatment for D.A. At the conclusion of the hearing, the juvenile court accepted the recommendation of the probation department and ordered that D.A. be placed at Resolute as an inpatient.

On July 14, D.A. filed a motion to correct error alleging in relevant part:

23. That the Court also erred when it took Count 2 [child molesting] under advisement at the plea hearing and continued to do so after the June 14, 2011[,] Dispositional Hearing.

24. That the record clearly lacks a factual basis in which to find the Respondent guilty of Count 2, Child Molesting, [as a] Class C Felony.

25. That during the Plea Hearing, the Respondent admits that he touched [C.T.] in a rude and insolent manner in that he touched her vagina. The factual [basis] fails to establish that the Respondent touched [C.T.] with the intent to arouse or satisfy his sexual desire [or her sexual desire], a necessary element of the crime.

Appellant's App. at 23. The juvenile court denied that motion. This appeal ensued.

4

## DISCUSSION AND DECISION

### Issue One:  Conditional Plea

D.A. first contends that the juvenile court's acceptance of his conditional plea on the child molesting count was an abuse of discretion and violated his due process rights because there was an inadequate factual basis to support the plea.[1]  And D.A. asks that we "reverse the Juvenile Court's acceptance of D.A.'s plea" on that count.  Brief of Appellant at 7.  For the reasons set out below, we do not reach the merits of D.A.'s contention on this issue.

D.A. maintains that there was an insufficient factual basis to support his conditional plea on the child molesting count.  A court may not accept a guilty plea unless the court determines that a sufficient factual basis exists to support the plea. Rhoades v. State, 675 N.E.2d 698, 700 (Ind. 1996) (citing Ind. Code § 35-35-1-3).[2]  A factual basis may be established by relatively minimal evidence about the elements of the crime from which the court could reasonably conclude that the defendant is guilty.  Id.  A trial court's finding of an adequate factual basis is presumptively correct.  Id. Additionally, the standard for a sufficient factual basis to support a guilty plea is less rigorous than that required to support a conviction.  Id. at 702.  "Reasonably concluding"

---

[1]  D.A. filed a motion to correct error asking in relevant part that the juvenile court "correct the addressed errors" in its order, including the acceptance of the conditional plea on the child molesting count.  But a motion to correct error is not the proper vehicle for a juvenile challenging his conditional plea.  See M.Y. v. State, 681 N.E.2d 1178, 1179 (Ind. Ct. App. 1997) (observing that the proper challenge to a plea in a juvenile case is made in a Trial Rule 60(B) motion).

[2]  Indiana Code Section 31-32-1-1 provides that the procedures governing criminal trials apply in all matters not covered by the juvenile law.  Here, we rely on case law relevant to factual bases in adult criminal matters because there is no corresponding rule in the juvenile code.

that a defendant is guilty for purposes of a factual basis is not the same as concluding guilt beyond a reasonable doubt. Id.

Here, in an effort to establish a factual basis for the conditional plea on the child molesting count, defense counsel asked D.A. whether he touched C.T. on her vagina. D.A. responded in the affirmative, and defense counsel rested. The State did not ask D.A. any questions, but sought clarification whether the court was "satisfied . . . [that] a factual basis has been given for count 3 and count 2[.]" Transcript at 5. In response, the juvenile court stated, "I think there has been a sufficient factual basis for count 2 [child molesting] or count 3 [battery] since the nature of his plea [sic] and withholding judgment as to count 2, I think it's probably sufficient. Does everyone [agree] with that?" Id. Defense counsel responded, "Yes sir."[3] Id.

On appeal, D.A. contends that the factual basis is insufficient to show his intent to arouse or to satisfy his sexual desires, which is an element of the crime of child molesting. See Ind. Code § 35-42-4-3; Addendum to Appellant's App. at 97. Indeed, the transcript reveals that the juvenile court did not hear any evidence on the element of D.A.'s intent with regard to his touching C.T.'s vagina, other than the fact that he did so in a rude, insolent or angry manner. There was no testimony or mention during the plea hearing regarding the intent to arouse or satisfy sexual desires element of child molesting. Thus, there is not even minimal evidence from which the court could reasonably conclude that D.A. committed child molesting. See Rhoades, 675 N.E.2d at 700.

---

[3] Counsel's agreement does not establish a factual basis where there was none in the record.

6

However, we do not have jurisdiction to resolve this issue. Because D.A.'s plea on the child molesting count was conditional, the juvenile court took the plea under advisement pending his successful completion of probation. A conditional plea is equivalent to a withheld judgment, and, thus, there is no final judgment or appealable final order from which to appeal. See Ind. Appellate Rule 5. Likewise, and for the same reason, D.A. had no grounds to file a motion to correct error on the child molesting count,[4] and, thus, the juvenile court did not err when it denied that motion as it pertained to the conditional plea. See Ind. Trial Rule 59(C) (stating a motion to correct error, if any, shall be filed not later than thirty days after the entry of a final judgment is noted in the Chronological Case Summary). The juvenile court's order accepting D.A.'s conditional plea is interlocutory, and D.A. has not sought certification of the issue for our review.[5] See Ind. Appellate Rule 14(B).

### Issue Two: Disposition

D.A. next contends that the juvenile court erred in several respects with regard to the dispositional hearing and his placement at Resolute. D.A. maintains that the juvenile court was required to hold an evidentiary hearing to determine disposition and that no such hearing was held. In particular, he alleges that "no evidence was presented by the State or Probation at the disposition hearing" and that he was not afforded an opportunity to present evidence to rebut or cross-examine the probation officer who prepared the predisposition report. Brief of Appellant at 13. Further, D.A. asserts that the juvenile

[4] And, again, we note that a motion to correct error was not the proper vehicle to challenge his conditional plea.

[5] Neither is a conditional plea held under advisement appealable as a matter of right under Indiana Appellate Rule 14(A).

7

court "did not balance the safety of the community and D.A.'s best interest" in ordering placement at Resolute. Id. at 11. And D.A. contends that placement at Resolute was error because it was not the least harsh disposition. We cannot agree.

> [T]he choice of the specific disposition of a juvenile adjudicated a delinquent child is a matter within the sound discretion of the juvenile court and will only be reversed if there has been an abuse of that discretion. The juvenile court's discretion is subject to the statutory considerations of the welfare of the child, the safety of the community, and the policy of favoring the least harsh disposition. An abuse of discretion occurs when the juvenile court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual inferences that can be drawn therefrom. Hence, the juvenile court is accorded wide latitude and great flexibility in its dealings with juveniles.

R.A. v. State, 936 N.E.2d 1289, 1291 (Ind. Ct. App. 2010) (citations and quotations omitted).

The standard for determining what due process requires in a particular juvenile proceeding is "fundamental fairness." S.L.B. v. State, 434 N.E.2d 155, 156 (Ind. Ct. App. 1982). Here, at the dispositional hearing, the juvenile court incorporated by reference the predisposition report of the probation officer recommending inpatient treatment at Resolute. Also during that hearing, the probation officer explained the reasons for the probation department's recommendation. D.A. and his mother were present, and D.A. was represented by counsel. D.A. did not request an opportunity to cross-examine the probation officer. Moreover, D.A. submitted into evidence the report of an independent evaluator who concluded that outpatient therapy would be optimal for D.A. And D.A.'s counsel made a thorough argument in support of the juvenile court's adoption of that report over the probation department's report. The juvenile court, having considered the arguments and evidence from both sides, followed the recommendations

of probation and rejected the report submitted by D.A. D.A. cannot show that the dispositional hearing violated fundamental fairness.

Neither did the juvenile court abuse its discretion. Although the juvenile court is given wide latitude and great flexibility in determining the disposition of a delinquent child, its discretion is circumscribed by statute. R.A., 936 N.E.2d at 1291. Indiana Code Section 31-37-18-6 provides in relevant part that, "[i]f consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that . . . is . . . in the least restrictive (most family[-]like) and most appropriate setting available" and "provides a reasonable opportunity for participation by the child's parent[.]" Id.

Again, D.A. alleges that the juvenile court did not properly balance the safety of the community with his best interests. And D.A. maintains that placement at Resolute was not the least restrictive placement available, as evidenced by the report of the independent evaluator. But in its dispositional order, the juvenile court stated that it had considered both "[t]he interests of the child and the public" and "[a]lternatives of care, treatment, or rehabilitation for the juvenile." Appellant's App. at 11. In addition, the juvenile court explained that placement at Resolute "is consistent with the safety and best interest of the child and is the least restrictive and most appropriate setting available close to the parent(s)' home[.]" Id. Finally, the juvenile court explained that placement at Resolute is in D.A.'s best interests. The predisposition report supports the juvenile court's findings in each of these respects, and D.A. has not demonstrated an abuse of discretion.

Finally, to the extent that D.A. contends that his placement at Resolute constitutes cruel and unusual punishment under the U.S. and Indiana Constitutions, that contention is without merit. A punishment is excessive and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment but rather constitutes only purposeless and needless imposition of pain and suffering, or (2) is grossly disproportionate to the severity of the crime. Douglas v. State, 481 N.E.2d 107, 112 (Ind. 1985). While D.A. obviously disagrees with the contents of the predisposition report recommending placement at Resolute, that report supports the juvenile court's determination that D.A. should be placed there. D.A. asserts that his placement "imposes 'purposeless and needless . . . pain and suffering' " on him in that he is separated from his family and placed in a "hostile environment with juveniles who are presumably sex offenders." Brief of Appellant at 18. But our review of the record reveals that D.A.'s placement at Resolute is consistent with the goals for D.A.'s rehabilitation. On these facts, we cannot say that the juvenile court abused its discretion in ordering inpatient treatment for D.A.

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.