Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**MARK F. JAMES**
Anderson, Agostino & Keller P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 24 2013, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| K.L.W., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1211-JV-609 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Peter F. Nemeth, Judge
Cause No. 71J01-1207-JD-316

**May 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

K.L.W. admitted to committing theft, a class D felony if committed by an adult, by stealing tequila from a store in St. Joseph County. The trial court ordered him placed in a youth facility in Vincennes. K.L.W. contends that his placement constitutes an abuse of discretion. We affirm.

## Facts and Procedural History

The relevant facts are undisputed.[1] K.L.W. was born March 23, 1996. On March 7, 2012, he stole tequila from a store in St. Joseph County. On July 3, 2012, the State filed a delinquency petition alleging that K.L.W. committed theft, a class D felony if committed by an adult. At a hearing on July 25, 2012, K.L.W. admitted the allegation. The trial court accepted K.L.W.'s admission and found him to be delinquent. The court also ordered the probation officer to prepare a predispositional report and set a dispositional hearing.

At the dispositional hearing on October 30, 2012, the probation officer said that K.L.W. had "spent 96 days in secure custody with ten incident reports at the time of today's hearing." Tr. at 3. She also said,

> [K.L.W.] admitted his involvement in the offense and reported remembering very little about his actions as he was black-out drunk and high when it was committed. He acknowledged a significant history with illegal substance use, including multiple prescription pills, marijuana and cocaine, alcohol and admitted that he's used various substances with his father. [K.L.W.] overdosed last summer that resulted in a hospitalization and admitted to a history of self-mutilating behaviors causing great concern for his safety if he were to remain within the community.

---

[1] Indiana Appellate Rule 46(A) provides that an appellant's brief "shall contain" a statement of facts, which "shall describe the facts relevant to the issues presented for review but need not repeat what is in the statement of the case." K.L.W.'s brief does not contain a statement of facts, even though the issue presented is inherently fact-sensitive. We strongly encourage counsel to comply with this rule in future appeals.

> [K.L.W.] began attending the eleventh grade at Mishawaka High School last year where [he] has 19 credits and [a] history of behavior problems. He received one in-school and two out of school suspensions for refusing to take out a lip piercing twice and getting caught buying drugs on school property. [K.L.W.] was not allowed to return to the regular days program at the high school, but allowed to participate in Mishawaka High School's Learning Center Online Program 8:00 a.m. until 11:15 a.m. He admitted he often appeared late and drunk to class and never stayed the full day when in the program.
>
> Again, diagnostic evaluation was completed by Dr. Sibilla and Dr. Sibilla noted that it would appear evident that [K.L.W.] has sought to manage the distress by way of running away and living with friends as well as becoming dependent on alcohol and [illicit] drugs. His overdose last year was nearly fatal and as such, serves as a call to offer him the maximum level of chemical dependency treatment available for adolescents. After the probation department staffed this case a second time, we are recommending that [K.L.W.] be placed at the Southwest Indiana Regional Youth Village. We believe he is amenable to treatment and can benefit from the intensive substance abuse treatment program that Southwest can offer him. It is believed that if he does not address his extensive illegal substance use, his angry and defiant attitude and anti-social behaviors, [K.L.W.] will continue to abuse substances, commit delinquent acts placing himself in very dangerous situations.

Tr. at 3-5. In response, K.L.W.'s counsel noted that the theft was K.L.W.'s first offense and asked that he be placed with his grandparents because "[n]obody is going to be able to go down [to Vincennes] and visit him" and "[n]obody is going to be there to participate in the treatment." *Id.* at 6.

Following the hearing, the trial court issued an order that reads in pertinent part as follows:

> The child has not complied with the compulsory school attendance law and is in need of an education.
>
> ….

The Probation Department has made reasonable efforts to prevent removal: [K.L.W.'s mother] discussed consequences within the home she has attempted to provide for [K.L.W.] to address his delinquent behavior and illegal substance use. She reportedly attempted to seek outpatient therapeutic treatment for [K.L.W.] but he refused to attend. In addition, Mishawaka High School provided appropriate consequences to address [K.L.W.'s] behavioral problems in and out of school suspensions as well as a change in the educational setting.

And it is the child's best interest to remove the child from the home, and that it would be contrary to the welfare of the child to remain in the child's home.

This Dispositional Order is consistent with the safety and the best interest of the child and is the least restrictive and most appropriate setting available close to the parents' home, least interferes with the family's autonomy, is least disruptive of family life, imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

The Court further finds its Disposition is the least restrictive alternative to insure the child's welfare and rehabilitation and the safety and welfare of the community.

….

The Probation Department has recommended, and the Court concludes, that said child is an appropriate candidate for placement in a private child caring facility, i.e. Southwest Regional Youth Village in Vincennes, IN. The juvenile is to participate and successfully complete placement and follow all rules and regulations.

Appellant's App. at 10-11. This appeal ensued.

**Discussion and Decision**

K.L.W. challenges his placement in the Vincennes youth facility. "The choice of the specific disposition of a juvenile adjudicated a delinquent child is a matter within the sound discretion of the [trial] court and will be reversed only if there has been an abuse of that discretion." *K.A. v. State*, 938 N.E.2d 1272, 1274 (Ind. Ct. App. 2010), *trans. denied* (2011).

4

"An abuse of discretion occurs when the [trial] court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual inferences that can be drawn therefrom." *Id.*

"Although the [trial] court is given wide latitude and great flexibility in determining the disposition of a delinquent child, its discretion is circumscribed by statute." *D.A. v. State*, 967 N.E.2d 59, 65 (Ind. Ct. App. 2012). The relevant statute provides,

> If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
>
> (1) is:
>
>> (A) in the least restrictive (most family like) and most appropriate setting available; and
>>
>> (B) close to the parents' home, consistent with the best interest and special needs of the child;
>
> (2) least interferes with family autonomy;
>
> (3) is least disruptive of family life;
>
> (4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and
>
> (5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

Ind. Code § 31-37-18-6.

K.L.W. contends that the trial court's disposition is an abuse of discretion because he has no prior delinquency adjudications, was never previously offered probation services, and was never adjudicated a truant. He argues that the disposition "is entirely contrary to the

5

provisions of I.C. 31-37-18-6 and was designed to punish [him] rather than offer rehabilitation." Appellant's Br. at 4.

We disagree. K.L.W. ignores his admitted history of serious polysubstance abuse, including using various substances with his own father. He was hospitalized after a near-fatal overdose and has a history of self-mutilation. K.L.W. also has a history of behavior problems in school and often showed up late and drunk to class. His mother attempted to seek outpatient therapy for him, but he refused to attend. K.L.W. would run away from home and live with friends. And prior to the delinquency hearing, he was in custody for ninety-six days and had ten incident reports.

K.L.W. cites no authority for the proposition that a juvenile must have a history of adjudicated delinquent activity before he may be placed in a facility away from his family and community. K.L.W. is negatively influenced by his father and disobeys his mother, and his antisocial behavior has adversely affected the safety of his community. The Vincennes facility was specifically recommended by the probation department because K.L.W. could benefit from the intensive substance abuse treatment program offered there; such treatment clearly would be in his best interest. K.L.W. claims that "the least restrictive and most appropriate setting close to his parents' home was not utilized," Appellant's Br. at 3, but he offers no suitable alternative. Based on the foregoing, we cannot conclude that K.L.W.'s disposition is an abuse of discretion. Therefore, we affirm.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.