## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2016, 6:08 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| David M. Payne<br>Ryan & Payne<br>Marion, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Larry D. Allen<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph F. Cotter,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 16, 2016<br><br>Court of Appeals Case No.<br>27A05-1506-CR-647<br><br>Appeal from the Grant Superior Court<br><br>The Honorable Jeffrey D. Todd, Judge<br><br>Trial Court Cause No.<br>27D01-1504-F6-125 |

**Altice, Judge.**

**Case Summary**

[1] Following his plea of guilty to Theft[1] as a Level 6 felony, Joseph F. Cotter was sentenced to two years and three months executed in the Department of Correction. Cotter now appeals, contending that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

[2] We affirm.

### Facts & Procedural History

[3] On March 14, 2015, Cotter approached seventy-five-year-old Cyann Scott at her home and offered to perform yard work for her. After Cotter did some work, she invited him inside for coffee. The two spoke for a while, and Scott invited Cotter to come back the next day to attend church with her.

[4] When Cotter returned the next day, Scott again invited him inside. He entered Scott's kitchen and saw that she had a prescription bottle of hydrocodone pills on the counter. When Scott briefly left Cotter alone in the kitchen, Cotter dumped the pills from the bottle into his pocket. Cotter then accompanied Scott to church, and Scott dropped Cotter off at his home afterwards. Scott did not notice that the pills were missing until later that day.

[5] As a result of these events, the State charged Cotter with theft, and the offense was elevated from a class A misdemeanor to a Level 6 felony due to a prior theft conviction. On June 1, 2015, Cotter, acting pro se, pled guilty without the

---

[1] Ind. Code § 35-43-4-2.

benefit of a plea agreement. The same day, the trial court sentenced Cotter to two years and three months executed in the Department of Correction. Cotter now appeals.

## Discussion & Decision

[6] Cotter contends that his sentence is inappropriate in light of the nature of his offense and his character.[2] Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentence review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*,

---

[2] Cotter also argues that a number of mitigating circumstances, none of which Cotter advanced for consideration at his sentencing hearing, were supported by the evidence. We are unconvinced that these mitigators are supported by the record, and in any event, they are waived. *See Hollin v. State*, 877 N.E.2d 462, 465 (Ind. 2007) (explaining that a defendant is precluded from advancing mitigating circumstances for the first time on appeal). We reject Cotter's argument that he should be afforded latitude in this respect because he proceeded pro se at trial. *See Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004) (explaining that "[p]ro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules"), *trans. denied*. To the extent Cotter argues that his waiver of his right to counsel was invalid, this argument is not available to him on direct appeal following a guilty plea. *See Alvey v. State*, 911 N.E.2d 1248, 1249 (Ind. 2009) (explaining that a defendant may not challenge his conviction following a guilty plea on direct appeal); *M.Y. v. State*, 681 N.E.2d 1178, 1179 (Ind. Ct. App. 1997) (explaining the "general rule a criminal defendant is prohibited from challenging the validity of a guilty plea by direct appeal").

972 N.E.2d 864, 876 (Ind. 2012). Cotter bears the burden on appeal of persuading us that his sentence is inappropriate. *See id.*

[7] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224). Moreover, "[t]he principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

[8] In order to assess the appropriateness of a sentence, we first look to the statutory range established for the classification of the relevant offense. The advisory sentence for a Level 6 felony is one year, with a minimum and maximum of six months and two and one-half years, respectively. Ind. Code § 35-50-2-7. Cotter received a sentence three months short of the statutory maximum.

[9] Considering the nature of the offense, we note that Scott, who is elderly and uses a walker, allowed Cotter to do yard work for her, invited him into her home, and brought him to church with her. Cotter repaid Scott's kindness by

stealing the medication she needed to alleviate pain she suffers as a result of her medical conditions. Because the medication is a controlled substance, Scott had difficulty having it replaced, and ultimately had to do without it for two weeks. We are unimpressed by Cotter's claim, based solely on his own self-serving testimony, that the severity of the crime is lessened because he ingested the pills instead of committing an additional crime by selling them. We also find distasteful Cotter's suggestion that Scott somehow contributed to the offense by keeping her medication in a location accessible to him.

[10] Turning now to the character of the offender, we note that at thirty years old, Cotter has already amassed four felony convictions; in addition to the instant theft conviction, Cotter has been convicted of auto theft, burglary, and another theft. Moreover, Cotter has previously violated his probation and been dismissed from a drug court program. To the extent Cotter argues that his drug addiction mitigates his culpability, we note that Cotter has been aware of his substance abuse problem for years and he has not sought out or actively participated in treatment. *See Caraway v. State*, 959 N.E.2d 847, 852 (Ind. Ct. App. 2011) (holding that substance abuse may be considered an aggravating circumstance where the defendant is aware of his addiction and does not seek treatment), *trans. denied*. Indeed, Cotter testified that he was terminated from drug court because he "gave up." *Transcript* at 27. We find nothing in the record to support Cotter's assertion that he is unlikely to reoffend. To the contrary, Cotter's ongoing drug abuse suggests to us that Cotter remains at a

very high risk to reoffend. For all of these reasons, we readily conclude that Cotter's sentence was not inappropriate.

[11] We affirm.

[12] Robb, J., and Barnes, J., concur.