# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 17 2016, 10:29 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel K. Whitehead
Yorktown, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jayme Michelle Dollens,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 17, 2016<br><br>Court of Appeals Case No.<br>48A04-1510-CR-1707<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Mark K. Dudley, Judge<br><br>Trial Court Cause No.<br>48C06-1408-FB-1432 |

**Baker, Judge.**

[1] Jayme Dollens appeals the trial court's order imposing her previously-stayed sentence after she was terminated from the Madison County Drug Court Program (Drug Court). Dollens argues that she was denied the right to select her attorney of choice and that her guilty plea was involuntary. Finding no error, we affirm.

# Facts

[2] On October 7, 2014, Dollens pleaded guilty to three counts of class B felony dealing in a narcotic and one count of Level 5 felony dealing in a narcotic. She also admitted to being an habitual offender. Dollens agreed that she would be sentenced to an aggregate term of twenty years imprisonment but that the sentence would be stayed to allow her to participate in Drug Court. If Dollens successfully completed Drug Court, her sentence would have been stayed permanently. Among the Drug Court conditions is the following:

> the State specifically reserves the right to unilaterally rescind, revoke and withdraw from this agreement in the event the Participant commits, or is charged with, another criminal offense, or in the event the Drug Court Judge determines that the Participant has committed a violation of a term or condition of bond while Participant is a drug court participant.

Appellant's App. p. 75

[3] The trial court entered the sentencing order on November 10, 2014. Two days later, Hamilton County filed a new criminal case. Dollens began participating in Drug Court on November 18, 2014. On February 5, 2015, Hamilton County

filed a second criminal case against Dollens. Drug Court stayed its supervision of Dollens on March 5, 2015, so that she could deal with the new criminal charges. Hamilton County placed Dollens on probation in one of the cases on April 6, 2015. At that time, Drug Court stayed Dollens's active participation in its program and transferred supervision of Dollens to the Hamilton County Probation Department.[1] On May 18 and June 16, 2015, Dollens provided urine screens that were positive for benzodiazepines and suboxone.[2]

[4] On August 25, 2015, a Drug Court case manager filed a notice of termination request, alleging that Dollens had violated the terms of Drug Court by engaging in criminal behavior, violating her probation in one of the Hamilton County cases, and producing the two positive urine screens. The trial court continued the appointment of the public defender who had represented Dollens during her trial. Counsel appeared with Dollens at the September 1, 2015, hearing, at which time the trial court scheduled an evidentiary hearing for September 22, 2015.

[5] At the hearing on September 22, 2015, Dollens informed the court that she wished to hire a private attorney and requested a continuance of "[m]aybe a couple weeks, a month or something" to retain counsel. Tr. 23-24. This was

---

[1] At the hearing, a Drug Court employee explained that this occurred because they did not want Dollens to have to be supervised simultaneously by two different counties. The requirements of Hamilton County would be substantially similar to the requirements of Drug Court, including regular urine screens and substance abuse treatment. As a result, Drug Court determined that the best course would be for Dollens to be supervised by Hamilton County while she was on probation. Tr. p. 43-45.

[2] She later admitted that she did not have prescriptions for these substances.

the first time Dollens had indicated (to either the trial court or her public defender) that she wished to hire private counsel. The trial court denied the motion for a continuance, noting that Dollens had been given ample opportunity in the preceding weeks to hire counsel. At the hearing, Dollens admitted that she had used illicit drugs and provided two positive drug screens during her probation in Hamilton County. The trial court found that Dollens had violated the conditions of Drug Court and imposed the balance of the previously-stayed twenty-year sentence. Dollens now appeals.

# Discussion and Decision

## I. Denial of Continuance

First, Dollens argues that the trial court's denial of her request for a continuance constituted a denial of the right to counsel of her choice guaranteed by the Sixth Amendment to the United States Constitution. The determination of whether to grant a defendant's request for a continuance for the purpose of hiring counsel immediately before trial is a matter within the sound discretion of the trial court. *Gilliam v. State*, 650 N.E.2d 45, 50 (Ind. Ct. App. 1995). We note that Dollens did not raise a constitutional argument to the trial court and has, therefore, waived the argument on appeal.

Waiver notwithstanding, we note that in this case, Dollens knew at the time of the September 1, 2015, initial hearing that she would be represented by the same public defender who had represented her during trial. She also knew that there was an evidentiary hearing scheduled for September 22. But at no point

during the intervening three weeks did she mention to the public defender or the trial court that she wished to retain private counsel, nor did she make any actual attempts to reach out to and retain an attorney. Instead, the morning of the hearing, she made the request for the first time. Under these circumstances, we cannot say that the trial court erred—or violated her constitutional rights—by denying her request for a continuance.[3] *See Lewis v. State*, 730 N.E.2d 686, 689 (Ind. 2000) (holding that the right to counsel of choice must be exercised at "the appropriate stage of the proceedings" and emphasizing that "it is within a trial court's discretion to deny a last-minute continuance to hire new counsel").

## II.  Guilty Plea

[8]  Dollens also contends that the State breached the plea agreement, resulting in an involuntary plea. Essentially, she argues that because the Drug Court stayed its supervision of her while she was under the supervision of Hamilton County probation, she did not have the opportunity to participate in Drug Court afforded to her by the plea agreement. Initially, we note that a criminal defendant may not challenge the validity of a guilty plea on direct appeal; instead, she must file a petition for post-conviction relief to address the issue. *M.Y. v. State*, 681 N.E.2d 1178, 1179 (Ind. Ct. App. 1997). Moreover, Dollens made *absolutely no* argument to the trial court regarding her guilty plea—she did

---

[3] As an aside, we note that Dollens was represented vigorously and ably by the public defender, who made an admirably compelling argument in a case in which the primary evidence was his client's own admissions of illicit drug use. In no way can she complain about the representation she received at this hearing.

not move to withdraw the plea or raise any argument during or after the termination hearing regarding her guilty plea. We find, therefore, that even if she were entitled to raise this argument in this proceeding, she has waived it.

[9] Waiver notwithstanding, we note that a Drug Court employee testified at the hearing that the reason it stayed its direct supervision of Dollens was so that she would not have to face double monitoring by two counties simultaneously. Tr. p. 43-45. If anything, this simplification of obligations and requirements to fulfill was designed to help Dollens succeed. And we note that it was Dollens's own actions—of continued criminal behavior—that led to this consequence. Under these circumstances, we find no error with respect to Dollens's guilty plea.

[10] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.