## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 27 2019, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Katherine N. Worman
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Delinquency of:

N.S.,

*Appellant*,

v.

State of Indiana,

*Appellee*.

November 27, 2019

Court of Appeals Case No. 19A-JV-1173

Appeal from the Vanderburgh Superior Court

The Honorable Brett J. Niemeier, Judge

The Honorable Renee A. Ferguson, Magistrate

Trial Court Cause No. 82D04-1904-JD-758

**Brown, Judge.**

[1] N.S. appeals the juvenile court's dispositional order committing him to the Indiana Department of Correction (the "DOC"). We affirm.

*Facts and Procedural History*

[2] In April 2019, the State alleged that N.S., who was born in May 2004, was a delinquent child for having committed criminal trespass as a class A misdemeanor if committed by an adult. At the initial hearing, N.S. admitted to the allegation and that he had been in a house and did not have permission to be there. N.S.'s probation officer filed a preliminary inquiry report which included the text of a police report stating that, on April 5, 2019, a detective responded to a report of fresh graffiti[1] and discovered seven individuals, including N.S., inside what appeared to be an abandoned house, and N.S. was disrespectful and hesitant to identify himself. The probation officer's report indicated that N.S.'s brother was one of the co-respondents and that N.S.'s juvenile history included delinquent adjudications for criminal mischief, theft, and criminal trespass for which he was ordered to complete ten hours of community service and four months of probation and cooperate with home-based services; an adjudication for escape for running away from his mother's house during a home pass from Hillcrest Washington Youth Home; a referral for theft; a referral for leaving home without permission and false informing; and an adjudication for escape for which he was detained at the Youth Care

---

[1] The report states that the graffiti consisted of "Lowd" and "Loosers Club." Appellant's Appendix Volume II at 17.

Center and later transferred to residential placement at White's Residential and Family Services ("White's") where he completed the program on February 11, 2019. The report further stated that N.S.'s father is incarcerated for child molesting, where N.S.'s sister was the victim, with an earliest release date of October 2, 2021.

[3] According to the probation officer's report, N.S.'s mother indicated that N.S. leaves home even when she instructs him not to do so, has no respect for authority figures, has a history of entering abandoned houses, is uncontrollable, is a ringleader, and is a bad influence on other kids. It stated that N.S. is not enrolled in school and, after returning home after placement at White's, refused to attend the alternative school and demanded traditional or online school. It indicated that in a prior intake N.S. reported that he was struck by a car when he was three years old and walks with a limp, that White's referred him to a physical therapist, and that his mother reported that he refused to attend those appointments unless scheduled when he was not busy. The report stated that N.S. was diagnosed with oppositional defiant disorder, impulse disorder, and substance abuse and that his actions pose a danger to himself and others.

[4] In May 2019, the court held a dispositional hearing at which N.S.'s counsel requested placement at the Youth Care Center or White's. N.S.'s probation officer stated that N.S. was at White's for six months and completed all of the programming, he was home for only a month and a half before committing the new offense, she had instructed N.S. and his mother how to become involved with Community Partners if they were having issues, online school through

White's was not an option as his mother does not have home internet, and N.S. refused to attend the alternative school or participate in any other services. She also indicated that N.S. was familiar with the Youth Care Center, she did not feel that it was much of a consequence for his actions or that he was learning anything from his behaviors, he has two prior escapes, and his history warranted commitment to the DOC.

[5] N.S. testified that he would have attended a physical therapy appointment if his mother had scheduled it, that he would attend any school starting the next year, and that he did not think it would benefit him to start at an alternative school halfway through a semester. The court found that, given his history and the rehabilitative efforts attempted through various settings, it was in N.S.'s best interest to be placed at the DOC.

[6] The court issued a dispositional order finding the facts in the pre-dispositional report were true and accurate, incorporating the report into its findings, and finding that N.S. is beyond the control of the parent, there does not exist any viable options for his care and treatment in or outside of the community, and it is in the best interests of N.S. and the community that he receive DOC services because he had previously received less restrictive alternatives. The order provided that N.S. has already had the following opportunities or services: two placements at Hillcrest Washington Youth Home from which he absconded both times; placement at White's; secure detention; probation services; Department of Child Services; and in-home therapy and mentor services. The court awarded wardship to the DOC for housing in a facility for children.

## Discussion

[7] N.S. asserts that the juvenile court erred in committing him to the DOC rather than a less restrictive alternative. He argues the court failed to consider the circumstances in his life and that none of his prior adjudications were for violent offenses. The State argues the court did not abuse its discretion and N.S. has exhibited a significant lack of understanding regarding the seriousness of his conduct, was not compliant with services, and showed no respect for authority or interest in cooperating with services.

[8] The juvenile court is given wide latitude and great flexibility in determining the disposition of a delinquent child. *D.A. v. State*, 967 N.E.2d 59, 65 (Ind. Ct. App. 2012). However, its discretion is circumscribed by Ind. Code § 31-37-18-6, which provides that, "[i]f consistent with the safety of the community and the best interest of the child," the juvenile court shall enter a dispositional decree that is "in the least restrictive (most family like) and most appropriate setting available" and "close to the parents' home, consistent with the best interest and special needs of the child"; least interferes with family autonomy; is least disruptive of family life; imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and provides a reasonable opportunity for participation by the child's parent, guardian, or custodian. Under the statute, placement in the least restrictive and most appropriate setting available applies only "[i]f consistent with the safety of the community and the best interest of the child." *J.D. v. State*, 859 N.E.2d 341, 346 (Ind. 2007) (citing

Ind. Code § 31-37-18-6).  We review the juvenile court's disposition for an abuse of discretion.  *R.H. v. State*, 937 N.E.2d 386, 388 (Ind. Ct. App. 2010).

[9]  The juvenile court heard testimony from N.S., his mother, and his probation officer, heard evidence regarding his behavior and placement history, considered the parties' arguments, and incorporated the probation officer's report.  Based upon the record, and in light of the court's findings and N.S.'s delinquent behavior and failure to adequately respond to prior attempts at rehabilitation, we conclude that the court's ordered placement is consistent with his best interest and the safety of the community and find no abuse of discretion.  *See D.E. v. State*, 962 N.E.2d 94, 97 (Ind. Ct. App. 2011) (holding the juvenile court did not abuse its discretion in placing D.E. in a DOC facility where earlier attempts to rehabilitate his behavior were unsuccessful).

[10]  For the foregoing reasons, we affirm the juvenile court.

[11]  Affirmed.

Altice, J., and Tavitas, J., concur.