v.

**STATE of Indiana, Appellee–Petitioner.**

No. 49A02–1103–JV–319.

Court of Appeals of Indiana.

Nov. 14, 2011.

Kimmerly A. Klee, Greenwood, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

D.E. appeals his adjudication as a delinquent. He asserts the trial court improperly accepted the plea agreement that was not signed by either of his parents. He also argues the trial court abused its discretion when it placed him in the Department of Correction (DOC) when a less restrictive placement was available. We affirm.

### FACTS AND PROCEDURAL HISTORY

On January 19, 2011, D.E. armed himself with a rifle and approached a man at an ATM, intending to rob him. The man, who happened to be a police detective, pulled out his service revolver and pointed

it at D.E. D.E. dropped the rifle and ran. After a short pursuit, D.E. and another juvenile, J.S., were apprehended. The police determined D.E. was on probation from an earlier adjudication of delinquency based on an act that would be Class B felony burglary if committed by an adult.

The State alleged D.E. was a delinquent child for committing acts that if committed by an adult would be Class D felony criminal recklessness,[1] Class D felony pointing a firearm,[2] Class A misdemeanor dangerous possession of a firearm,[3] and Class A misdemeanor resisting law enforcement.[4] During a pre-trial conference on February 7, the State offered D.E. a plea agreement whereby D.E. would admit to committing acts that would be criminal recklessness and dangerous possession of a firearm, while the State would drop the other two allegations. D.E.'s mother and father were present during the conference, and D.E. requested a continuance to consider the offer. The trial court granted the continuance and ordered the parties to reconvene two days later.

On February 9, D.E. and his attorney both signed the plea agreement. D.E.'s mother would not sign because she was "concerned about the charges or the lack of charges maybe, that was [sic] filed against [J.S.]" (Tr. at 10.) The juvenile court explained the agreement and D.E.'s rights. D.E. and his parents indicated they understood what D.E. was admitting, the waiver of his rights, and the consequences of his plea.

The juvenile court held dispositional hearings on March 2 and March 9, and D.E.'s mother attended both. The court found earlier attempts to rehabilitate D.E. had been unsuccessful and determined D.E.'s behavior caused concern for the public safety of others. It placed D.E. in the DOC until his twenty-first birthday or until the completion of all required programs, with a recommendation of at least eighteen months in a Juvenile Correctional Facility (JCF).

## DISCUSSION AND DECISION

D.E.'s plea agreement required that he waive the following constitutional rights to:

(1) Have a speedy trial;

(2) Confront and cross-examine witnesses against him/her;

(3) Obtain witnesses or evidence by compulsory process;

(4) Introduce evidence on his/her behalf;

(5) Refrain from testifying against himself/herself; and

(6) Have the state prove beyond a reasonable doubt that the Respondent committed the delinquent acts charged.

(App. of Appellee[5] at 3.) Indiana law establishes a strict standard for when a juvenile's rights may be waived:

Any rights guaranteed to the child under the Constitution of the United States, the Constitution of the State of Indiana, or any other law may be waived only:

(1) by counsel retained or appointed to represent the child, if the child knowingly and voluntarily joins with the waiver;

(2) by the child's custodial parent, guardian, custodian, or guardian ad litem if:

---

1. Ind.Code § 35–42–2–2.

2. Ind.Code § 35–47–4–3.

3. Ind.Code § 35–47–10–5.

4. Ind.Code § 35–44–3–3.

5. Both D.E. and the State filed appendices. We will refer to D.E.'s appendix as "App." and the State's appendix as "App. of Appellee."

(A) that person knowingly and voluntarily waives the right;

(B) that person has no interest adverse to the child;

(C) meaningful consultation has occurred between that person and the child; and

(D) the child knowingly and voluntarily joins with the waiver.

Ind.Code § 31–32–5–1.

■ D.E. and his counsel signed the plea agreement. D.E. concedes those signatures satisfy the requirements of the statute, but argues his parents' "rights were thwarted by the provisions of Ind. Code § 31–32–5–1, which allowed appointed counsel to waive D.E.'s right to a fact-finding adjudication." (Br. of Appellant at 10.) We cannot agree.

D.E.'s mother was present at every hearing, and his father attended the hearing during which D.E. accepted the plea agreement. Both parents indicated they understood the implications of the waivers in the plea agreement. D.E.'s mother did not approve of the way the State treated D.E. differently than J.S., so she would not sign the plea agreement; however, she never denied D.E.'s guilt or indicated she disagreed with his acceptance of the plea agreement.

D.E. also argues he was denied the "opportunity for meaningful consultation with his parents *prior* to signing the plea agreement in this case." (*Id.* at 12) (emphasis in original). He was not. The plea agreement was presented to D.E. on February 7, 2011, and he requested a continuance to consider it. The trial court continued the dispositional hearing until February 9. At the dispositional hearing, neither D.E. nor his parents claimed they had not had an opportunity to discuss the agreement.[6]

D.E. has not demonstrated the waivers in his plea agreement did not comport with Ind.Code § 31–32–5–1. It is undisputed that D.E. and his counsel signed the plea agreement, which is sufficient to satisfy the statute. D.E. has not alleged he involuntarily or unknowingly entered into the agreement. Accordingly, we affirm the trial court's acceptance of D.E.'s plea agreement.[7]

### Disposition

■ The juvenile court has discretion in choosing the disposition for a juvenile adjudicated delinquent. *L.L. v. State,* 774 N.E.2d 554, 556 (Ind.Ct.App.2002), *reh'g denied.* This discretion is subject to the statutory considerations of the welfare of the child, the safety of the community, and the policy of favoring the least harsh disposition. *Id.; see also* Ind.Code § 31–34–

---

6. D.E. argues "it became obvious to the juvenile court that the interests of D.E.'s appointed counsel and those of his parents were in conflict." (Br. of Appellant at 12.) In support, he cites a portion of the transcript spanning fifteen pages. However, he does not explain how anything on those pages demonstrates the interests of D.E.'s lawyer and parents were in conflict. We find no "obvious," (*id.*), conflict therein. D.E. has not made a cogent argument as required by Indiana Appellate Rule 46(A)(8)(a), and thus we decline to address this issue.

7. D.E. argues his parents were "denied the due process required by statute" because they could not "introduce evidence and cross-examine witnesses" regarding the allegations leading to the juvenile court's parental participation order. (Br. of Appellant at 12.) However, the entry of the parental participation order is a separate matter, and the hearing on that matter had not been held at the time this appeal ensued. Further, the trial court told D.E.'s mother and she signed an acknowledgement that she would be able to contest the allegations leading to the parental participation requirement at a later hearing. Therefore, the matter is not properly before us.

19–6. We may overturn D.E.'s disposition order only if the court abused its discretion. *L.L.*, 774 N.E.2d at 556. An abuse of discretion occurs when the juvenile court's judgment is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

In *Jordan v. State*, 512 N.E.2d 407, 408–09 (Ind.1987), our Indiana Supreme Court noted:

> Juvenile judges have a variety of placement choices for juveniles who have delinquency problems, ranging from a private home in the community, a licensed foster home, a local juvenile detention center, to State institutions such as the Indiana Boys School and Indiana Girls School. None of these commitments are considered sentences.... When a juvenile is found to be delinquent, a program is attempted to deter him from going further in that direction in the hope that he can straighten out his life before the stigma of criminal conviction and the resultant detriment to society is realized.

The juvenile court placed D.E. in a JCF of the DOC until his twenty-first birthday, or until he completed all required programs, and recommended D.E. stay in the JCF for at least eighteen months. D.E. argues that was an abuse of discretion because a less restrictive dispositional alternative was available. We disagree.

During his dispositional hearing, D.E. presented the option of placement at Lutherwood, a residential treatment center. The trial court instead placed D.E. in a JCF because the "attempts to correct and rehabilitate [D.E.'s] behavior was, [sic] unfortunately, unsuccessful." (Tr. at 63.) D.E. was on probation at the time he committed the acts underlying the instant adjudication, had already violated that probation by testing positive for marijuana, and had been suspended or expelled from multiple schools. Under these circumstances, we cannot say placement in a JCF was an abuse of discretion. *See K.A. v. State,* 775 N.E.2d 382, 387 (Ind.Ct.App. 2002) (placement of juvenile in DOC not an abuse of discretion when previous less restrictive rehabilitation efforts were unsuccessful).

## CONCLUSION

Because both D.E. and his appointed counsel signed his plea agreement, satisfying Ind.Code § 31–32–5–1, we cannot find the trial court erred by accepting his plea. Further, his placement in a JCF, even though there was a less restrictive option available, was not an abuse of discretion because D.E.'s earlier attempts at rehabilitation through less restrictive means were unsuccessful. Accordingly, we affirm.

Affirmed.

RILEY, J., and NAJAM, J., concur.