**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NICHOLAS BREEDLOVE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1404-CR-240 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose Salinas, Judge
Cause No. 49G14-1312-FD-80194

**October 31, 2014**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

Nicholas Breedlove ("Breedlove") appeals the trial court's order revoking his placement in community corrections for his theft conviction. On appeal, he argues that the trial court violated his due process rights by revoking his community corrections placement without first finding that a violation occurred. However, less than a month after the trial court revoked his placement, Breedlove was released from prison. Because there is no effective relief we can provide, Breedlove's argument is moot, and we dismiss his appeal.

We dismiss.

## FACTS

On December 19, 2013, Breedlove was arrested for stealing syringes from Eskenazi Hospital in Indianapolis. On the same day, the State charged Breedlove with theft, a Class D felony,[1] and possession of paraphernalia, a Class A misdemeanor.[2] On February 14, 2014, Breedlove pled guilty to theft and agreed to a 365-day executed sentence. In determining his sentence, placement of executed time was left to the court's discretion. However, probation and alternative misdemeanor sentencing were expressly excluded from the court's consideration. That day, the trial court sentenced Breedlove to 365 days in community corrections work release. However, it stated that it would

---

[1] IND. CODE § 35-43-4-2(a). We note that effective July 1, 2014, a new version of this theft statute was enacted and that Class D felony theft is now a Class A misdemeanor or a Level 5 or 6 felony, depending on the circumstances. Because Breedlove committed his crimes in 2013, we will apply the statute in effect at that time.

[2] IND. CODE § 35-48-4-8.3(a)(1)(b).

entertain a motion to modify the sentence if the court received certain information about his criminal history in Arizona.

Breedlove filed a motion to have his sentence modified to home detention on March 3, 2014. However, on March 11, 2014, Marion County Community Corrections filed a notice of community corrections violation alleging that Breedlove "refused to remain at Duvall Residential Center without harming himself." (App. 41). The trial court conducted several hearings, taking evidence from Breedlove and the State. The trial court ultimately found that Breedlove did not violate his community corrections placement, but it stated that it was not comfortable placing him back in work release after community corrections raised their safety concerns. On April 3, 2014, the trial court revoked Breedlove's community corrections placement and ordered the rest of his sentence served at the Department of Correction. Breedlove filed a notice of appeal on April 10, 2014. While this appeal was pending, Breedlove was released from the Department of Correction on or about May 2, 2014.

## DECISION

Breedlove argues that the trial court violated his due process rights by revoking his community corrections placement without first finding that a violation occurred. He requests that we reverse the trial court's order placing him in the Department of Correction. However, Breedlove completed his sentence and was released from the Department of Correction on or about May 2, 2014. Consequently, it appears that Breedlove's appeal is moot.

3

This court has discussed a similar moot appeal in *Bell v. State*, 1 N.E.3d 190 (Ind. Ct. App. 2013). In that case, Bell attended the murder trial of his brother and made intimidating statements to witnesses outside of the courtroom. After taking testimony from witnesses to Bell's statements, the trial court ordered him into custody for the remainder of the trial. *Id. at 191.* The trial court appointed a public defender for Bell and held a sentencing hearing for the contempt violation. *Id.* The trial court sentenced him to ninety (90) days in the Vanderburgh County Jail with no good time credit. *Id.* at 192. Bell appealed, but he was released from the jail during the pendency of his appeal. Both Bell and the State agreed that his appeal was moot, and we dismissed, noting the following:

> [W]here the principal questions at issue cease to be of real controversy between the parties, the errors assigned become moot questions and this court will not retain jurisdiction to decide them. Stated differently, when we are unable to provide effective relief upon an issue, the issue is deemed moot, and we will not reverse the trial court's determination where absolutely no change in the status quo will result.

*Id.* (quoting *Jones v. State*, 847 N.E.2d 190, 200 (Ind. Ct. App. 2006) (citations and quotations omitted), *trans. denied*).

In this case, the Department of Correction released Breedlove less than a month after he filed his notice of appeal. As such, we cannot grant the relief he seeks, and his appeal is moot.

However, we note that "although moot cases are usually dismissed, Indiana courts have long recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of 'great public interest.'" *In re Lawrance*,

579 N.E.2d 32, 37 (Ind. 1991). "Cases in this category typically raise important policy concerns and present issues that are likely to recur." *Mosley v. State*, 908 N.E.2d 599, 603 (Ind. 2009). This case does not present an important policy question. Rather, just as we found in *Bell*, Breedlove's appeal is merely review of alleged error. *Bell*, 1 N.E.3d at 193.

Breedlove's release from prison less than a month after he filed his appeal rendered his argument moot, and we dismiss this case.

Dismissed.

NAJAM, J., and BAILEY, J., concur.