## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2015, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

**ATTORNEY FOR APPELLANT**

Jill M. Acklin
McGrath, LLC
Carmel, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

S.H.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner,*

April 30, 2015

Court of Appeals Case No.
49A02-1409-JV-640

Appeal from the Marion Superior Court
The Honorable Marilyn Moores, Judge
The Honorable Scott Stowers, Magistrate
Cause No. 49D09-1405-JD-1290

**Robb, Judge.**

# Case Summary and Issue

[1]    S.H. was adjudicated a delinquent for committing an act that would be Class B felony robbery if committed by an adult. The juvenile court ordered wardship

of S.H. to be with the Indiana Department of Correction ("DOC"), with a recommendation that he be committed for a period of twelve months. S.H. now appeals this disposition, raising one issue for our review: whether the juvenile court abused its discretion in committing him to DOC when less restrictive alternatives were available. Concluding the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

[2] On April 29, 2014, S.H. robbed two employees of a Subway restaurant at gunpoint. During those employees' 4 p.m. to 10 p.m. shift, S.H. entered and left the store several times. The last time S.H. entered the store, no other customers were present. S.H. went to the counter, pointed a handgun at the two employees, and demanded money. One of the employees tried to run to the back of the store, but S.H. called her back. The other employee took the cash drawer from the register and sat it on the counter. S.H. took the money from the drawer and left the store.

[3] The State of Indiana filed a petition alleging S.H. was a delinquent child for committing two acts of robbery with a deadly weapon, Class B felonies if committed by an adult. S.H. denied the allegations of the petition. Following a fact-finding hearing, the juvenile court found that the allegations of the petition were true.

[4]　At the dispositional hearing, the probation department recommended that S.H. be committed to DOC because of his prior criminal behavior and his failure to respond positively to less restrictive alternatives in the past. S.H. requested the juvenile court place him at Resource Residential Treatment Facility, which had accepted him into its secured residential program. The juvenile court merged the two true findings and entered disposition only on count 2:

> I am going to accept probation's recommendation proceeding with disposition, the Court notes uh I guess most importantly the serious nature of the charge but also your history uh in other jurisdictions as well as your history here, find there are no least restrictive alternatives consistent with the safety and well being of the community therefore, the Court will award wardship to the Department of Correction for placement at an appropriate facility, recommend while you are there that you involved yourself in individual counseling, substance abuse counseling as well as education program . . ., recommend twelve months.

Transcript at 116. S.H. now appeals his placement with DOC.

# Discussion and Decision

## I. Standard of Review

[5]　The juvenile court is given "wide latitude and great flexibility" in determining the specific disposition for a child adjudicated a delinquent. *D.A. v. State*, 967 N.E.2d 59, 65 (Ind. Ct. App. 2012). However, its discretion is circumscribed by Indiana Code section 31-37-18-6, which provides:

> If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
>
> (1) is:

(A) in the least restrictive (most family like) and most appropriate setting available; and

(B) close to the parents' home, consistent with the best interest and special needs of the child;

(2) least interferes with family autonomy;

(3) is least disruptive of family life;

(4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and

(5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

A disposition will not be reversed absent a showing of an abuse of the juvenile court's discretion, which occurs when the juvenile court's order is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences that can be drawn therefrom. *R.H. v. State*, 937 N.E.2d 386, 388 (Ind. Ct. App. 2010).

## II. DOC as Appropriate Placement

[6] S.H. argues the trial court abused its discretion in placing him with DOC because a less restrictive option was available—he had been accepted into a residential treatment facility. As stated above, however, Indiana Code section 31-17-18-6 states that the disposition shall be in the least restrictive *and* most appropriate setting. Just because S.H. was accepted into a less restrictive placement than DOC does not necessarily mean that it is also the most appropriate placement. Although Indiana has a policy of favoring the least-harsh disposition in juvenile cases, the least restrictive placement is required only if it is consistent with the welfare of the child and the community's safety. *R.S. v. State*, 796 N.E.2d 360, 364 (Ind. Ct. App. 2003), *trans. denied*.

[7] S.H. likens his situation to that in *D.P. v. State*, 783 N.E.2d 767 (Ind. Ct. App. 2003). In *D.P.*, the juvenile admitted to committing fraud by taking a woman's credit card while doing chores for her and using it for several purchases, and theft by later taking the same woman's mail from her mailbox and throwing it away. The probation department recommended a suspended commitment to DOC, but the juvenile court awarded guardianship of the juvenile to DOC for six months. The juvenile appealed his placement. We held that the trial court abused its discretion in not imposing the less-harsh alternative of a suspended commitment, in part because the juvenile had a low I.Q. and an impulse disorder, and in part because there was little evidence to suggest the juvenile would not respond positively to probation. *Id.* at 770. The juvenile had only one prior contact with the juvenile justice system five years prior and had successfully completed probation for that conduct. *Id.* at 770-71.

[8] We disagree with S.H.'s favorable comparison of his case to *D.P.* In determining an appropriate placement, the juvenile court looked at S.H.'s juvenile's history, his conduct in the instant matter, and the impact of the placement alternatives on the community. In the three years prior to the conduct under review here, S.H. had true findings in 2011 for Class A misdemeanor battery and Class B misdemeanor disorderly conduct and in 2013 for Class B felony robbery. S.H. failed a diversion program for the battery and disorderly conduct adjudications. He was committed to DOC on a short-term placement for the 2013 robbery, but then committed additional crimes.

[9] S.H. committed the instant offense a month after being detained for attempted residential entry and released on electronic monitoring. By committing the instant offense, S.H. violated the terms of his release. He was therefore detained throughout these proceedings. Probation reported that fourteen incident reports had been filed against him while he was in detention awaiting disposition of this case. The probation department evaluated the dispositional options and concluded that community-based services and out-of-home placement were not valid options because, given his juvenile history, S.H. presents a risk to public safety. The juvenile court agreed, specifically referencing the serious nature of the allegations, S.H.'s juvenile history, and the well-being of the community in ordering placement with DOC. Unlike *D.P.*, there are no special circumstances that make this disposition overly-harsh, and S.H.'s history of squandering the chances given to him suggests he will not respond positively to a less restrictive placement.

[10] In similar circumstances, we have held that commitment to DOC was not an abuse of discretion. In *D.E. v. State*, 962 N.E.2d 94 (Ind. Ct. App. 2011), we held that although the juvenile presented the option of placement at a residential treatment center, his placement at DOC was not an abuse of discretion because less restrictive rehabilitation efforts had been unsuccessful, and the juvenile's attempt to rob an out-of-uniform police officer while armed with a rifle caused concern for public safety. *Id.* at 97. Likewise, S.H.'s commitment to DOC, even though a less restrictive option was available, was

not an abuse of discretion because it was consistent with S.H.'s best interest and the safety of the community.

# Conclusion

The juvenile court did not abuse its discretion in ordering that S.H. be committed to DOC. The judgment of the juvenile court is affirmed.

Affirmed.

May, J., and Mathias, J., concur.