## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 29 2015, 10:17 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

David T.A. Mattingly
Mattingly Legal, LLC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Yorel M. Wallace,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 29, 2015<br><br>Court of Appeals Case No.<br>79A02-1411-CR-815<br><br>Appeal from the Tippecanoe<br>Superior Court.<br>The Honorable Randy J. Williams.<br>Cause No. 79D01-1204-FB-4 |

**Darden, Senior Judge**

## Statement of the Case

[1] Yorel M. Wallace appeals the trial court's revocation of his probation. We dismiss his appeal.

# Issue

Wallace argues that there was insufficient evidence to support the revocation of his probation. However, because there is no effective relief we can provide, Wallace's argument is moot, and his appeal is dismissed.

# Facts and Procedural History

On January 3, 2013, Wallace pleaded guilty to one count of sexual misconduct with a minor, a Class C felony. Ind. Code § 35-42-4-9 (2007). He was sentenced to five years, with four years executed (three years in the Department of Correction and one year in the county community correction program) and one year suspended to probation. Within a few days of his release from prison on April 1, 2014, Wallace met with his probation officer. On May 7, 2014, the State filed a petition to revoke Wallace's probation alleging that he had failed to maintain contact with the probation department and to initiate his one year of supervision with the community correction program. On September 9, 2014, the trial court held a hearing on the petition to revoke probation and took the matter under advisement. A month later, the court issued its order finding that Wallace had violated his probation. On October 21, 2014, a disposition hearing was held, and Wallace was sentenced to 310 days in the Department of Correction, which the court found was equal to time served. The court also extended Wallace's probation for one year so that he could complete a sex offender treatment program. The court stated that upon Wallace's completion of the program, it would set aside any further probation. In addition, the court set aside the condition that Wallace complete one year of community

correction as a condition of probation. On November 21, 2014, Wallace filed his notice of appeal challenging the court's determination that he had violated his probation.

During the pendency of this appeal, the State filed a second petition to revoke Wallace's probation on March 17, 2015. At a hearing in April 2015, Wallace admitted to the allegations in the second petition to revoke, and the trial court found that he had violated his probation by failing to complete the sex offender treatment program as ordered and by failing to report for a drug screen scheduled on February 10, 2015. The court sentenced Wallace to twenty-six days at the county jail, with nine days of credit for time served and equivalent good time credit, and ordered him discharged from probation as unsuccessful.

## Discussion and Decision

In this appeal, Wallace contends there was insufficient evidence for the trial court to find he had violated his probation under the first petition to revoke. The State responds that this appeal is moot because Wallace has served his sentence and has been terminated from probation.

This Court has previously noted:

> [W]here the principal questions at issue cease to be of real controversy between the parties, the errors assigned become moot questions and this [C]ourt will not retain jurisdiction to decide them. Stated differently, when we are unable to provide effective relief upon an issue, the issue is deemed moot, and we will not reverse the trial court's determination where absolutely no change in the status quo will result.

*Bell v. State*, 1 N.E.3d 190, 192 (Ind. Ct. App. 2013).

[7] In April 2015, while the present case was pending, Wallace admitted to violating his probation by failing to complete the sex offender treatment program and failing to report for a scheduled drug screen. The court sentenced him to twenty-six days in the county jail, with eighteen days of credit time, and ordered him discharged from probation. Wallace has served his sentence and has been released from custody as well as probation. Thus, we are unable to grant the relief he seeks because any decision we would render would result in no change in the status quo. Accordingly, his appeal is moot.

[8] Additionally, we note that although moot cases are usually dismissed, Indiana courts have long recognized an exception to the general rule when the case involves a question of great public interest. *Id.* Typically, cases falling into this category raise important policy concerns and present issues that are likely to recur. *Breedlove v. State*, 20 N.E.3d 172, 174 (Ind. Ct. App. 2014), *trans. denied*. Nothing in the present case suggests that the issue raised by Wallace is of great public interest.

## Conclusion

[9] For the reasons stated, we conclude Wallace's appeal is moot and we dismiss this case.

[10] Dismissed.

Baker, J., and Friedlander, J., concur.