## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 08 2017, 6:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Dennis Burgher
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dennis Burgher,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 8, 2017

Court of Appeals Case No.
49A02-1608-CR-1823

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge

Trial Court Cause No.
49G03-1602-F3-7208

**Barnes, Judge.**

## Case Summary

Dennis Burgher, pro se, appeals the trial court's denial of his motion for discharge under Indiana Criminal Rule 4. We dismiss.

## Issue

Burgher raises several issues, but we address only a dispositive issue raised by the State, which we restate as whether Burgher's appeal should be dismissed because it is moot.

## Facts

In 2016, the State charged Burgher with Level 3 felony rape, Level 5 felony battery, Level 5 felony criminal confinement, and Level 5 felony strangulation. On March 2, 2016, Burgher filed a request for a speedy trial, and the trial court set his trial for May 5, 2016. The State filed a request for DNA testing, which the trial court granted. On April 14, 2016, the State filed a motion for a continuance under Indiana Criminal Rule 4(D), which the trial court granted. The trial court then set the trial for July 14, 2016. On July 7, 2016, Burgher filed a motion for discharge pursuant to Criminal Rule 4(B), which the trial court denied.

On July 14, 2016, Burgher sought to add a witness, but his trial counsel had been unaware of the witness or the substance of her testimony. The trial court reset the trial for July 21, 2016, and charged the delay to Burgher. On July 21, 2016, because an essential witness was not present, the State moved to dismiss

the charges against Burgher, which the trial court granted. Burgher now appeals.

## Analysis

[5] On appeal, Burgher argues that the trial court erred by denying his motion for discharge, that the cause should have been dismissed with prejudice on July 21, 2016, and that his trial counsel was ineffective. However, the State argues that Burgher's appeal is moot and that we should dismiss. We agree.

[6] Our courts have held:

> "[W]here the principal questions at issue cease to be of real controversy between the parties, the errors assigned become moot questions and this court will not retain jurisdiction to decide them. Stated differently, when we are unable to provide effective relief upon an issue, the issue is deemed moot, and we will not reverse the trial court's determination where absolutely no change in the status quo will result."

*Breedlove v. State*, 20 N.E.3d 172, 174 (Ind. Ct. App. 2014) (quoting *Bell v. State*, 1 N.E.3d 190 (Ind. Ct. App. 2013)), *trans. denied*. The trial court here dismissed the charges against Burgher at the State's request. Even if we were to address Burgher's arguments, "absolutely no change in the status quo" would result. *Id.*

Consequently, we are unable to provide effective relief to Burgher on his arguments, and the issue is moot.[1]

[7] We acknowledge that, "although moot cases are usually dismissed, Indiana courts have long recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of 'great public interest.'" *Id.* (quoting *In re Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991)). "'Cases in this category typically raise important policy concerns and present issues that are likely to recur.'" *Id.* (quoting *Mosley v. State*, 908 N.E.2d 599, 603 (Ind. 2009)). This case does not present an important policy question, and we decline to address Burgher's arguments on their merits.

## Conclusion

[8] Burgher's appeal is moot, and we dismiss.

[9] Dismissed.

Baker, J., and Crone, J., concur.

---

[1] To the extent Burgher argues that the State could refile the charges, we conclude that the issue is not ripe for review. "Ripeness relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record." *Indiana Dep't of Envtl. Mgmt. v. Chem. Waste Mgmt., Inc.*, 643 N.E.2d 331, 336 (Ind. 1994). The possibility that the State could refile charges against Burgher is an abstract possibility not capable of being adjudicated at this time.