## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2018, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| V.H.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 17, 2018<br><br>Court of Appeals Case No.<br>02A05-1708-JV-1861<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Daniel G. Heath, Judge<br><br>The Honorable Daniel Pappas, Magistrate<br><br>Trial Court Cause No.<br>02D07-1705-JD-492 |

**May, Judge.**

[1] V.H. appeals the juvenile court's entry of a dispositional order that placed her in the Department of Correction ("DOC"). V.H. argues the juvenile court abused its discretion by placing her in the DOC after the court's "total failure to examine the limited psychological information placed before the court." (Br. of Appellant at 13.) Because the evidence in the record does not demonstrate an abuse of discretion by the juvenile court, we affirm.

# Facts and Procedural History

[2] On May 6, 2017, fifteen-year-old V.H. left Kroger without paying for the razors, candy, and drinks she took from Kroger. She was arrested in the parking lot and gave false information about her identity. On May 8, the State requested permission to file a Petition Alleging Delinquency for acts that, if committed by an adult, would be Class A misdemeanor conversion[1] and Class B misdemeanor false informing.[2] The juvenile court granted the State permission to file the delinquency petition. Because V.H. had been declared a Child in Need of Services ("CHINS") and was a ward of the State when she committed the alleged acts on May 6, 2017, the juvenile court requested a report from the Dual Status Assessment Team.

---

[1] Ind. Code § 35-43-4-3(a).

[2] Ind. Code § 35-44.1-2-3(d)(1).

[3] V.H. admitted the delinquent acts alleged in the Petition, and the court held a dispositional hearing on July 6, 2017. V.H.'s mother was not present because she had been arrested a few days earlier on an outstanding warrant, and V.H.'s father was not present because he had terminal cancer. The court received reports from the County Juvenile Center, the Placement Board, and the Dual Status Assessment Team. The Probation Department recommended V.H. be committed to the DOC because all previous attempts at probation had failed and because V.H. had not been attending school since her last release from the DOC. The Dual Status Assessment Team also recommended DOC placement because "we don't have anything else to offer this young lady in the community at this point." (Tr. at 10.) The Department of Child Services ("DCS") also concurred with the recommendation of placement in DOC because, while V.H. was in the community, DCS had "been unable to offer [any service] because [V.H. has] not stayed in a particular placement long enough." (*Id.*)

[4] The court's dispositional order contained the following findings:

1. The juvenile has an extensive history of incorrigible behavior.

2. The juvenile minimizes delinquent behavior.

3. The juvenile's delinquent conduct is chronic and escalating and the juvenile has been offered ample opportunities to alter such behavior.

4. The juvenile must learn the logical and natural consequences of delinquent behavior.

5. The juvenile is in need of rehabilitation and will benefit from a highly structured environment.

6. The parent has little control over juvenile's behavior.

7. The juvenile was previously ordered committed to the Department of Correction.

8. The Court also finds that the disposition set forth hereinafter is appropriate due to the seriousness of the offense.

9. The Court finds that the juvenile is in danger of reaching 18 years of age without a high school diploma or high school equivalency (HSE) diploma certificate. The Court finds that the juvenile is significantly behind in accumulated high school credits and is not on course to graduate from high school. The Court finds that the juvenile has been offered numerous education opportunities. The Court finds that the juvenile's educational advancement requires the highly structured environment provided by the Allen County Juvenile Center.

10. The recommendation of the Dual Status Team is that the juvenile be committed to the Department of Correction.

(App. Vol. II at 91-92.) The court then awarded wardship of V.H. to the DOC because such detention "is essential to protect the child or community and is in the child's best interests." (*Id.* at 92.)

# Discussion and Decision

[5]     We initially note that "the purpose of the juvenile process is vastly different from the criminal justice system." *R.H. v. State*, 937 N.E.2d 386, 388 (Ind. Ct.

App. 2010). The goal of juvenile proceedings is "*rehabilitation* so that the youth will not become a criminal as an adult." *Id.* (emphasis in original). To facilitate this goal, juvenile courts have a number of options available for juvenile placement: "from a private home in the community, a licensed foster home, a local juvenile detention center, to State institutions[.]" *Jordan v. State*, 512 N.E.2d 407, 408 (Ind. 1987).

[6]     To assist juvenile courts in selecting amongst available placement alternatives, the Indiana Legislature has provided guidance regarding the option to be selected for any particular child:

> If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
>
> (1) is:
>
>> (A) in the least restrictive (most family like) and most appropriate setting available; and
>>
>> (B) close to the parents' home, consistent with the best interest and special needs of the child;
>
> (2) least interferes with family autonomy;
>
> (3) is least disruptive of family life;
>
> (4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and

> (5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

Ind. Code § 31-37-18-6. Within those parameters, a juvenile court has discretion in choosing the disposition appropriate for each juvenile delinquent, *D.E. v. State*, 962 N.E.2d 94, 96 (Ind. Ct. App. 2011), and we review its disposition for an abuse of that discretion. *Id.* at 97. An abuse of discretion occurs if the court's decision is "clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

[7] V.H. asserts the court abused its discretion in committing her to the DOC because it did not give sufficient consideration to "the limited psychological information placed before the court." (Br. of Appellant at 13.) However, when pointing to the information V.H. says the court should have discovered, V.H. is citing information that was not placed before the juvenile court and, as V.H. acknowledges, is not "evidence." (*Id.* at 14.) If there was additional evidence V.H. wished the juvenile court to consider, V.H. should have offered such evidence at the dispositional hearing.

[8] Furthermore, the court was considering the specifics of V.H.'s circumstances when it ordered DOC placement. V.H. was a ward of the State who had been removed from her home, and she had not remained in the home where DCS placed her, she had not gone to school, and she again committed delinquent acts. In light of V.H.'s history with the juvenile system and her failure to modify her behavior in response to prior services and placements, the juvenile

court did not abuse its discretion by placing her in the DOC. *See, e.g., D.E.*, 962 N.E.2d at 97 (no abuse of discretion in placement of juvenile at DOC where less-restrictive dispositions had been unsuccessful).

# Conclusion

[9] The record demonstrates the juvenile court considered the evidence placed before it, and that evidence demonstrates the court did not abuse its discretion in ordering V.H. committed to the DOC. We accordingly affirm.

[10] Affirmed.

Vaidik, C.J., and Altice, J., concur.