## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 25 2019, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT
Joel C. Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| L.F.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 25, 2019<br><br>Court of Appeals Case No.<br>18A-JV-1914<br><br>Appeal from the Vigo Circuit Court<br><br>The Honorable Daniel W. Kelly, Magistrate<br><br>The Honorable Sarah Mullican, Judge<br><br>Trial Court Cause No.<br>84C01-1803-JD-360 |

**May, Judge.**

L.F. appeals his adjudication for what would be Level 6 felony intimidation[1] if committed by an adult. He presents four issues for our review, which we restate as:

    1. Whether the trial court violated L.F.'s due process rights;

    2. Whether the State presented sufficient evidence that L.F. voluntarily committed Level 6 felony intimidation; and

    3. Whether the trial court abused its discretion when it placed L.F. in the Department of Correction.

We affirm.

# Facts and Procedural History

On March 22, 2018, L.F.'s mother and grandmother took him to the police station to seek help because they believed "he was on drugs and he was out of control." (Tr. Vol. III at 6.) At the station, L.F. appeared "very, very angry." (*Id*.) Terre Haute Police Officers Vasco Billberry and David Brewer made initial contact with L.F., determined he needed medical attention, and transported him to a nearby hospital.

---

[1] Ind. Code § 35-45-2-1(b)(1) (2017).

[3] On the way to the hospital, L.F. told Officer Billberry that "he was going to shoot [Officer Billberry] with a shotgun just like Brent Long[2] was killed." (*Id.* at 5) (footnote added). L.F. also told Officer Brewer that he would "cut [Officer Brewer's] throat and he would cut his mom and grandma's throat for . . . getting the police to help him." (*Id.* at 8.) Officer Brewer observed L.F. was "acting strange and need[ed] help." (*Id.* at 9.) After L.F. was medically cleared at the hospital, police took him into custody based on the threats and officers' concerns that he may engage in activity consistent therewith.

[4] On March 28, 2018, the State filed a delinquency petition in which it alleged L.F. committed an act that would be Level 6 felony intimidation if committed by an adult. On April 5, 2018, the trial court held an initial hearing on the matter. In the notes on the chronological case summary, the trial court stated that "[d]ue to the minor child's aggressive behavior while in detention, the minor remains in cuffs and shackles." (App. Vol. II at 3.) The trial court set a fact-finding hearing for April 12, 2018.

[5] On April 12, 2018, the State requested a continuance, to which L.F. did not object, and the trial court rescheduled the fact-finding hearing for May 10, 2018. At the fact-finding hearing, L.F. and his mother testified that Officer Billberry and Officer Brewer were lying, that the officers had been harassing L.F., and that L.F. was "talking crap" to the officers, but did not threaten them. (Tr. Vol.

---

[2] L.F. notes in his brief, "Brent Long was a Terre Haute police officer who was shot and killed in the line of duty in 2011." (Br. of Appellant at 8 n.1.)

III at 32.) The trial court credited the officers' testimony over that of L.F. and his mother, and it entered a true finding. The trial court ordered L.F. transferred to the Pendleton Juvenile Correctional Facility, which later issued a letter indicating L.F. had a projected release date of December 21, 2018.

# Discussion and Decision

## Due Process

[6] Our Indiana Supreme Court has held, regarding the due process rights of a juvenile as part of a delinquency proceeding:

> A juvenile charged with delinquency is entitled to have the court apply those common law jurisprudential principles which experience and reason have shown are necessary to give the accused the essence of a fair trial. Without question, these include the right to adequate notice of the charges, appointment of counsel, the constitutional privilege against self-incrimination, and the right to confront opposing witnesses. . . ."[N]either the Fourteenth Amendment nor the Bill of Rights is for adults alone." . . . Principles of fundamental fairness require that this right [not to be tried unless competent] be afforded in juvenile proceedings.

*In re K.G.*, 808 N.E.2d 631, 635 (Ind. 2004) (internal citations omitted). The court ultimately concluded: "The due process clause applies in juvenile proceedings, but a juvenile [court] must respect the informality and flexibility that characterize juvenile proceedings while insuring that such proceedings comport with the fundamental fairness demanded by the due process clause." *Id*. at 637 (quoting 47 Am. Jur. 2d Juvenile Courts 6 (1995)). Here, L.F. argues

the trial court violated his right to due process in two ways: (1) by requiring he wear shackles to his initial hearing and (2) by granting the State's motion to continue the fact-finding hearing beyond the statutory time frame.

### *L.F.'s Appearance at Initial Hearing*

Regarding the restraint of a juvenile during a court hearing, Indiana Code section 31-30.5-2-1 directs:

> (a) Except as provided in subsection (b), a juvenile shall not be restrained in court unless the court has determined on the record, after considering the recommendation of the sheriff or transport officer, that the juvenile is dangerous or potentially dangerous.

> (b) A court may order a juvenile restrained without considering the recommendation of the sheriff or transport officer if the juvenile has caused a physical disruption while in open court.

During his initial hearing, L.F. appeared before the court in handcuffs and shackles "[d]ue to the minor child's aggressive behavior while in detention[.]" (App. Vol. II at 3.) L.F. argues on appeal that his appearance in such a state violated his due process rights because the trial court did not determine on the record that L.F. was "dangerous or potentially dangerous." Ind. Code § 31-30.5-2-1(a).

L.F. did not object to his appearance in handcuffs and shackles at the initial hearing, and thus the trial court did not have an opportunity to rule on any challenge he had to the procedure. As he presents this issue for the first time on appeal, it is waived. *See Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004)

("a trial court cannot be found to have erred as to an issue or argument that it never had an opportunity to consider"). To overcome waiver, L.F. must demonstrate fundamental error. *See Tharpe v. State*, 955 N.E.2d 836, 839 (Ind. Ct. App. 2011) (appellant can argue fundamental error to overcome waiver of issue), *trans. denied*.

[9] Fundamental error occurs when a decision violates "basic and elementary principles, and the harm or potential for harm [can] not be denied." *Warriner v. State*, 435 N.E.2d 562, 563 (Ind. 1982). Fundamental error is a "narrow exception" to the waiver rule. *Benson v. State*, 762 N.E.2d 748, 755 (Ind. 2002). We may review fundamental error even if there was no objection at trial. *Id.* L.F. does not argue the error was fundamental, and thus his claim of error is waived. *See Bowman v. State*, 51 N.E.3d 1174, 1179 (Ind. 2016) (failure to raise issue of fundamental error in initial brief results in waiver of issue).

### State's Motion to Continue

[10] If a child is in detention and the State has filed a petition of delinquency, "a fact-finding hearing or a waiver hearing must be commenced not later than twenty (20) days, excluding Saturdays, Sundays, and legal holidays, after the petition is filed." Ind. Code § 31-37-11-2(a). Here, the State filed a petition of delinquency as to L.F. on March 28, 2018, and L.F. was detained at that time. The trial court originally scheduled the fact-finding hearing for April 12, 2018. The State moved to continue the hearing, and L.F. did not object. The trial court rescheduled the fact-finding for May 10, 2018, which was outside the twenty-day time frame.

[11] L.F. contends the State violated his due process rights when it granted the State's motion to continue and rescheduled the fact-finding hearing outside of the twenty-day statutory time limit. However, as noted above, his argument is waived for failure to present it before the trial court. *See A.K. v. State*, 915 N.E.2d 554, 556 (Ind. Ct. App. 2009) (claim of error regarding timing of juvenile fact-finding hearing waived for failure to present it before the trial court), *trans. denied*. To overcome waiver, L.F. must demonstrate fundamental error. *See Tharpe*, 955 N.E.2d at 839 (appellant can argue fundamental error to overcome waiver of issue). L.F. does not argue the error was fundamental, and thus his claim of error is waived. *See Bowman*, 51 N.E.3d at 1179 (failure to raise issue of fundamental error in initial brief results in waiver of issue).

## Sufficiency of the Evidence

[12] On review of a juvenile adjudication, we apply the same sufficiency standard used in criminal cases. *A.E.B. v. State*, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001). We do not reweigh the evidence or judge the credibility of witnesses. *D.R. v. State*, 729 N.E.2d 597, 599 (Ind. Ct. App. 2000). Instead we look only to the evidence of probative value and the reasonable inferences that support the determination. *Id*.

[13] The State alleged L.F. should be adjudicated a delinquent because his actions towards officers satisfied the elements of Level 6 felony intimidation had the

crime been committed by an adult.[3] L.F. does not challenge that the State proved the elements of the crime. Instead he argues the State did not present evidence he acted voluntarily, as involuntariness is a complete bar to criminal liability. *See* Ind. Code § 35-41-2-1(a) ("A person commits an offense only if he voluntarily engages in conduct in violation of the statute defining the offense."). However, L.F. did not present this defense before the trial court, and it is therefore waived. *See Miller v. Griesel*, 261 Ind. 604, 608, 308 N.E.2d 701, 704-5 (1974) (a defense which would serve as a legal bar to a claim cannot be raised for the first time on appeal).

## L.F.'s Placement

Trial courts have a number of options available for juvenile placement: "from a private home in the community, a licensed foster home, a local juvenile detention center, to State institutions[.]" *Jordan v. State*, 512 N.E.2d 407, 408 (Ind. 1987). To assist trial courts in selecting amongst available placement alternatives, the Indiana Legislature has provided guidance regarding the option to be selected for any particular child:

> If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:

---

[3] Specifically, the State alleged L.F. "did verbally threaten to kill Officer Billberry . . . (and other officers) with a shotgun to their heads while Officer Billberry was performing his duties at the Terre Haute Police Department Headquarters." (App. Vol. II at 5) (errors in original).

(1) is:

> (A) in the least restrictive (most family like) and most
> appropriate setting available; and

> (B) close to the parents' home, consistent with the best
> interest and special needs of the child;

(2) least interferes with family autonomy;

(3) is least disruptive of family life;

(4) imposes the least restraint on the freedom of the child and the
child's parent, guardian, or custodian; and

(5) provides a reasonable opportunity for participation by the
child's parent, guardian, or custodian.

Ind. Code § 31-37-18-6.

[15] Within those parameters, a juvenile court has discretion in choosing the disposition appropriate for each juvenile delinquent, *D.E. v. State*, 962 N.E.2d 94, 96 (Ind. Ct. App. 2011), and we review its disposition for an abuse of that discretion. *Id.* at 97. An abuse of discretion occurs if the court's decision is "clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* Here, the trial court committed L.F. to the Department of Correction.

[16] The State notes the trial court committed L.F. to the Department of Correction on July 18, 2018. On November 9, 2018, the Department of Correction

notified the trial court pursuant to Indiana Code section 31-30-2-2[4] that L.F. was scheduled to be released on December 21, 2018. (App. Vol. II at 33.) L.F. has not indicated he was not released as scheduled. Thus, as he has already completed the terms of his disposition, we are unable to provide him with relief, and this portion of his appeal is moot. *See Breedlove v. State*, 20 N.E.3d 172, 174 (Ind. Ct. App. 2014) (appeal is moot when term of incarceration has passed), *trans. denied*.

# Conclusion

[17] L.F. has waived his challenges to the trial court's pre-trial decisions regarding L.F.'s appearance at his initial hearing and the State's motion to continue, and he has not demonstrated fundamental error for either issue. Additionally, L.F.'s argument regarding the voluntariness of his actions is waived for failure to argue such a defense before the trial court. Finally, L.F.'s argument regarding his placement is moot because the record indicates he has been released from the placement of which he complains. Accordingly, we affirm.

[18] Affirmed.

Mathias, J., and Brown, J., concur.

---

[4] This statute requires the Department of Correction to notify the trial court at least ten days prior to releasing a juvenile.